Honorable Janice E. Ellis Snohomish County Prosecuting Attorney 2918 Colby Avenue, Suite 203 Everett, WA 98201-4011
Dear Prosecutor Ellis:
By letter previously acknowledged, you have sought our opinion concerning several questions. We have paraphrased and reordered the questions as follows:
1. Do campaign contribution limitations contained in state law (RCW42.17) apply to the office of prosecuting attorney?
2. Does article XI, section 4 or 5 of the Washington Constitution, or anyother provision of state law, bar the legislative authority of a chartercounty from applying campaign contribution limitations contained in acounty ethics code to the office of prosecuting attorney?
3. Are prosecuting attorneys, deputy prosecuting attorneys, or otheremployees of a prosecuting attorney's office subject to the state ethicslaw codified in RCW 42.52?
 BRIEF ANSWERS
We answer all three of your questions in the negative. Our answers flow from the preliminary conclusion that, for purposes of this analysis, the office of prosecuting attorney is a county office and not a state office. The state campaign finance and reporting laws contained in RCW 42.17 generally do apply to all state and local elective offices (including the office of prosecuting attorney), but the specific limitations on campaign expenditures apply only to candidates for certain state offices. There is nothing in the state constitution or in state statute that would bar a charter county from applying locally mandated campaign finance law to the office of prosecuting attorney. Finally, county offices and officers are not subject to the state ethics law codified in RCW 42.52.
 FACTUAL BACKGROUND
This factual background is summarized from your June 26, 2003, letter and the attachments thereto. You wrote that Snohomish County is a charter county organized under article XI, section 4 of the state constitution. Section 9.30 of the Snohomish County Charter (SCC) provides, "The county council shall by ordinance provide for the disclosure of financial interests by elected officials, a code of ethics for other officers and employees of the county and provide penalties for violations of the ordinance."
The county council adopted provisions consistent with this mandate limiting campaign donations by any person or entity to $1,250 per election, with primaries and general elections considered separate elections for this purpose. SCC ch. 2.50.050. These limits are the same as are currently applicable to candidates for statewide office under rules adopted by the public disclosure commission pursuant to their statutory authority. RCW 42.17.640; WAC 390-05-400. However, the state statutes and rules do not set any specific campaign contribution limits for the office of prosecuting attorney. You ask where, under these circumstances, the prosecuting attorney is subject to the limits set forth in the county ordinance.[1]
 ANALYSIS
1. Do campaign contribution limitations contained in state law apply tothe office of prosecuting attorney?
RCW 42.17, The Fair Campaign Practices Act, requires certain candidates for elective office to publicly disclose campaign contributions and financing. RCW 42.17.030 provides:
 The provisions of this chapter relating to the financing of election campaigns shall apply in all election campaigns other than (1) for precinct committee officer; (2) for a federal elective office; and (3) for an office of a political subdivision of the state that does not encompass a whole county and that contains fewer than five thousand registered voters as of the date of the most recent general election in the subdivision, unless required by RCW 42.17.405(2) through (5).
RCW 42.17.030.
The statute applies to financing "in all election campaigns" other than those specifically exempted. A county prosecuting attorney falls within none of the enumerated exceptions and, thus, is subject to the general provisions of RCW 42.17 relating to campaign finance. The county prosecutor holds an elected office that is not excluded from the scope of RCW 42.17 by RCW 42.17.030, since the office is not federal and encompasses a whole county.
Many of the provisions of RCW 42.17 apply to a "candidate" and not to a person currently holding an office who is not also a candidate for the office. "Candidate" is defined as "any individual who seeks nomination for election or election to public office. An individual seeks nomination or election when he or she first:
 (a) Receives contributions or makes expenditures or reserves space or facilities with intent to promote his or her candidacy for office;
(b) Announces publicly or files for office;
 (c) Purchases commercial advertising space or broadcast time to promote his or her candidacy; or
 (d) Gives his or her consent to another person to take on behalf of the individual any of the actions in (a) or (c) of this subsection."
RCW 42.17.020(8). Under this section, an individual who seeks to be elected or re-elected as county prosecutor becomes a "candidate" and thus subject to the disclosure requirements set forth in RCW 42.17, upon the happening of any of the events specified in that statutory definition.
However, the inquiry does not end there, because state law does not set campaign contribution limits for all of the offices covered by the campaign disclosure requirements. RCW 42.17.640 limits contributions (in various ways, depending on the circumstances) to candidates for state legislative offices or to candidates for "a state office other than a state legislative office."[2] RCW 42.17.640. "State office" is defined as "state legislative office or the office of governor, lieutenant governor, secretary of state, attorney general, commissioner of public lands, insurance commissioner, superintendent of public instruction, state auditor, or state treasurer." RCW 42.17.020(39). Under this definition, a prosecuting attorney does not hold a "state office," and a candidate for the position is not subject to the campaign finance limits set forth in RCW 42.17.640 or the administrative rules implementing that section. RCW 42.17 contains no specific finance limits for offices not falling within the definition of "state office." Thus, in response to your first question, we conclude that campaign contribution limits contained in RCW 42.17 do not apply to the office of prosecuting attorney.
2. Does article XI, section 4 or 5 of the Washington Constitution, or anyother provision of state law, bar the legislative authority of a chartercounty from applying campaign contribution limitations contained in acounty ethics code to the office of prosecuting attorney?
There are really two aspects to this question. The first is a constitutional inquiry — as to whether a county ordinance that applies local campaign finance limitations to the county prosecutor is unconstitutional. The second is a statutory inquiry as to whether such a local provision is preempted by state law. We conclude that the application of local campaign finance provisions to the county prosecutor is neither unconstitutional nor preempted.
A. The Constitution Does Not Prohibit The Application Of Local CampaignFinance Provisions To The County Prosecutor
Article XI, section 4 of the Washington Constitution references the office of the prosecuting attorney in three places, the first of which states that a home rule charter may provide for such county officers as deemed necessary, and for their compensation, "but shall not affect the election of the prosecuting attorney" and certain other designated offices. Const. art. XI, § 4. This provision simply requires that charter counties retain the office of prosecuting attorney and leave undisturbed the elective nature of the office. The provision is not framed so broadly as to preclude all local regulations that affect the manner in which elections are conducted for the office of prosecutor so long as the county leaves the office elective.
The second reference in article XI, section 4 to the office of prosecuting attorney exempts the term of that office (and certain other elective offices) from termination as may be provided in an initial home rule charter. This provision protects the length and expiration date of the prosecuting attorney's term of office. Const. art. XI, § 4. While this provision prevents disruption of service by the county prosecutor and other designated elective officers, it does not restrict the power of the county legislative authority to enact other regulations relating to these offices.
The third reference to the office of prosecuting attorney in article XI, section 4 exempts the transfer of the powers and duties of that office (and certain other designated offices) to the county legislative authority upon adoption of a home rule charter. Const. art. XI, § 4. As is the case with its other references to the office of prosecuting attorney, this provision does not otherwise prevent the county legislative authority from enacting rules or laws that affect that office. Thus, while article XI, section 4 imposes certain limits on the power of a charter county legislative authority to change the nature of the office of county prosecuting attorney, nothing in that provision exempts the office of prosecuting attorney from general county legislation. The application of campaign contribution limits on the office of prosecuting attorney, enacted under the county council's "home rule" legislative power, would not change the essential nature of the office addressed in article XI, section 4. Accordingly, we conclude that there is nothing in article XI, section 4 that bars a county legislative authority from imposing local ethics requirements on the county prosecuting attorney.
B. State Statutes Do Not Preempt Local Ordinances That EstablishNonconflicting Campaign Finance Provisions
Having concluded that article XI, section 4 does not bar a county from adopting local ethics requirements, including limits on receipt of campaign contributions by candidates for county prosecuting attorney, we turn to the question of whether a county is empowered to enact such law. We conclude that a county is so empowered, provided that the specific local law does not directly conflict with state law.
Article XI, section 11 of the state constitution provides that, "Any county, city, town or township may make and enforce within its limits all such local police, sanitary and other regulations as are not in conflict with general laws." As previously illustrated, there is nothing in the state constitution or in any statute that prohibits a county from adopting campaign finance limits. Accordingly, we view this provision as empowering a state legislative authority to enact regulation of campaign contribution limits for county officers.
As already noted, the Legislature has enacted a general system of campaign finance regulations, which by its own terms directly applies to elections for the office of county prosecutor. RCW 42.17.030. State law preempts a local ordinance on the same subject if the local law either permits what the state statute forbids or forbids what the state statute permits. Snohomish Cy. v. State, 97 Wn.2d 646, 649, 648 P.2d 430 (1982). Applying this principle to local regulations limiting the receipt of campaign contributions, we conclude that a county charter may authorize a local ordinance that establishes such limits for county offices, including prosecutor, as such an ordinance does not prohibit what state law permits, or vice versa. Id.
As we noted earlier, state law sets campaign contribution limits on candidates for certain state offices and does not address contribution limits relating to the office of prosecuting attorney. RCW 42.17.640. State statutes neither establish campaign contribution limits for county offices nor prohibit county legislation on the subject. Therefore, a county ordinance setting such limits neither prohibits what state law permits nor permits what state law prohibits. We conclude that a charter county may establish campaign contribution limits consistent with its constitutional and statutory authority.[3]
3. Are prosecuting attorneys, deputy prosecuting attorneys, or otheremployees of a prosecuting attorney's office subject to the state ethicslaw codified in RCW 42.52?
No — RCW 42.52, the "Ethics in Public Service Act," does not apply to county prosecuting attorneys or their deputies or employees. RCW 42.52 applies by its terms to "state officers" and "state employees." RCW42.52.010(18) and RCW 42.52.010(19) define these two terms:
 (18) "State officer" means every person holding a position of public trust in or under an executive, legislative, or judicial office of the state. "State officer" includes judges of the superior court, judges of the court of appeals, justices of the supreme court, members of the legislature together with the secretary of the senate and the chief clerk of the house of representatives, holders of elective offices in the executive branch of state government, chief executive officers of state agencies, members of boards, commissions, or committees with authority over one or more state agencies or institutions, and employees of the state who are engaged in supervisory, policy-making, or policy-enforcing work. For the purposes of this chapter, "state officer" also includes any person exercising or undertaking to exercise the powers or functions of a state officer.
 (19) "State employee" means an individual who is employed by an agency in any branch of state government. For purposes of this chapter, employees of the superior courts are not state officers or state employees.
County prosecuting attorneys and their employees are not included in either definition and accordingly are not covered by RCW 42.52.
Although RCW 42.52 is titled "The Ethics in Public Service Act", the statutes codified in that title address only state officers and state employees, as defined above. In Hubbard v. Spokane Cy., 146 Wn.2d 699,712, 50 P.3d 602 (2002), the Washington Supreme Court stated that "the Ethics in Public Service Act applies to municipal officers as well." However, when considered in context, this statement was not intended to apply RCW 42.52 in its entirety to municipal entities or officers. To understand the Court's statement, it is helpful to briefly examine (1) the legislative act by which RCW 42.52 was adopted and (2) the Court's analysis in Hubbard.
The Legislature adopted RCW 42.52 in 1994. Laws of 1994, ch. 154. That legislative act began with a section that describes the public policy purposes motivating the adoption of the act. Laws of 1994, ch. 154, § 1 (codified as RCW 42.52.900). That act included most of the provisions currently codified in chapter 42.52, but it also included other statutory sections that are codified elsewhere. Among those was RCW 42.23.070,[4]
which was the statute at issue in Hubbard. RCW 42.23 is the "Code of Ethics for Municipal Officers," a category of officers that includes county officers. RCW 42.23.020. Accordingly, in a single act, the Legislature adopted both the principal provisions of what is now codified as RCW 42.52 (governing ethics of state officers and employees) and other provisions codified elsewhere that address ethics concerns in local government.
In Hubbard, the Court applied a section that appeared at the beginning of the legislative act to construe the legislative intent of a section that related to local government. Hubbard, 146 Wn.2d at 712 (applying Laws of 1994, ch. 154, § 1 to construe RCW 42.23.070). The Court's statement that the act "applies to municipal officers as well" therefore relates to this section of the session law rather than to the whole of chapter 42.52 as later codified. Indeed, in its analysis of RCW 42.23, the statute at issue in Hubbard, the Court took pains to distinguish between RCW 42.23's application to municipal officers and RCW 42.52's application to state officers. See, e.g., Hubbard, 146 Wn.2d at 711 n. 20 (distinguishing the fact that RCW 42.52.070 applies only to state officers, in contrast to RCW 42.23.070, which applies to municipal officers.) As Justice Madsen also explained in dissent, "Chapter 42.52 RCW . . . deals exclusively with state agencies, state officers, and state employees." Hubbard, 146 Wn.2d at 722 (Madsen, J., dissenting). Further, under the rules of construction established by our Supreme Court, statements of purpose or intent have no operative effect and serve only as a guide to the intended effect of a particular section. HJSDev., Inc. v. Pierce Cy., 148 Wn.2d 451, 480 n. 125, 61 P.3d 1141
(2003). Accordingly, we conclude that prosecuting attorneys and their employees are not covered by RCW 42.52.
Furthermore, we conclude that the office of county prosecutor is primarily a county office rather than a state office. RCW Title 36 of the Revised Code of Washington is titled "Counties" and sets out the law authorizing, limiting, and otherwise pertaining to county governments. In RCW 36.16.030, the Legislature enumerates the county officers to be "elected from among the qualified voters of the county." The list includes "a county prosecuting attorney." Other sections of the same chapter provide for county elections (RCW 36.16.010) and term of county office (RCW 36.16.020).
We recognize that for some purposes, such as the prosecution of state crimes, the prosecuting attorney represents the interests of the state and not just those of the county. In one case, the Court of Appeals has held that this fact can render the state liable for the tortious acts or omissions of a prosecuting attorney. Whatcom Cy. v. State, 99 Wn. App. 237,993 P.2d 273 (2000). However, Whatcom County does not hold that prosecuting attorneys are state rather than county officers for all purposes. The case holds only that prosecuting attorneys act on behalf of the state when they perform one of their official duties — the prosecution of violations of state criminal law.
For most purposes, however, the prosecuting attorney (who is elected by the people of a county to serve as the county's chief legal adviser and is an integral part of county government) performs local rather than state functions. Therefore the county prosecutor and his or her employees are not state officers subject to RCW 42.52. The definition of "state officer" contained in RCW 42.52.010 controls, and this definition excludes prosecuting attorneys.
We trust the foregoing will prove useful to you.
Very truly yours,
 BRADY R. JOHNSON Assistant Attorney General
 JAMES K. PHARRIS Senior Assistant Attorney General
[1] Before we undertake an analysis of your questions, we should note that it is our consistent policy and practice to avoid the detailed interpretation of local charter and ordinance provisions unless it is absolutely necessary for us to interpret a local charter or ordinance in the exercise of our constitutional or statutory functions. Accordingly, we have limited our response to the issues of state law that you raise and have not delved into detailed interpretation or analysis of the particular county ordinances or laws that are involved. While we have made occasional reference to the county charter, it is primarily for illustration or clarification purposes, and we leave interpretation of county charter provisions and ordinances to your office. Our opinion is based on the assumption that your request letter correctly summarizes or paraphrases the county charter.
[2] The statutory limits set forth in RCW 42.17.640 are five hundred dollars for each election for a legislative office and one thousand dollars per contributor for each election to another state office. However, RCW 42.17.690 authorizes the Public Disclosure Commission to increase the limit to reflect inflation. The Commission has adopted higher limits by rule. WAC 390-05-400.
[3] There are state and federal constitutional limitations on the authority to limit campaign contributions and expenditures. For purposes of this discussion, we will assume that a county's ordinance is consistent with these limitations as interpreted by the state and federal courts.
[4] Laws of 1994, ch. 154, § 121.